352 So.2d 795 (1977)
James H. THOMPSON
v.
JONES COUNTY COMMUNITY HOSPITAL.
No. 50054.
Supreme Court of Mississippi.
October 26, 1977.
Holifield & Harper, Matthew Harper, Jr., Laurel, for appellant.
Odom & Parrish, William Harold Odom, Maxey & Clark, George D. Maxey, Laurel, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
The plaintiff, James H. Thompson, filed his declaration against the defendant, Jones County Community Hospital, for breach of contract. Plaintiff alleged in his declaration that the defendant employed him as executive director of the Jones County Hospital and Annex at an annual salary of $44,000 for a term of four years from December 1, 1975 to December 1, 1979. Plaintiff also alleged that he performed his contract until April 3, 1976, at which time he was summarily discharged and the contract breached by the defendant. Plaintiff demanded judgment in the amount of $160,764.80 plus legal interest which is the full amount of the unpaid salary claimed by plaintiff.
The circuit judge sustained a motion to dismiss because the contract was not entered on the minutes of the board of trustees and enough of the substance of the contract was not contained in the minutes for a determination of the liabilities and obligations of the contracting parties without evidence dehors the minutes.
The only entries pertaining to the contract appear in the minutes of the August 28, 1975 and November 18, 1975 meetings of the board of trustees. The August 28 minutes recite:
Following a discussion, Mr. Gibson moved, seconded by Mr. Purvis, that Mr. Jim Thompson be given a four-year contract as Executive Director of the hospital and that Mr. Holifield draw up the terms of such an agreement for approval by the Board of Trustees at its next meeting. The motion passed unanimously.
*796 The November 18 minutes, with reference to the contract, are as follows:
Mr. Myers advised the Board that action should be taken to award a contract to Mr. Thompson since this was unanimously approved by the Board of Trustees at its meeting of August 28, 1975. A proposed contract was reviewed by each member of the Board and appropriate discussions were held. Mr. Gibson moved, seconded by Mr. Purvis, that the minutes of the Board meeting of August 28, 1975 be approved and that Mr. Thompson be awarded the four-year contract which had been reviewed by the Board and that Mr. Myers as President and Mr. Gibson as Secretary be authorized and directed to execute the contract on behalf of the Board. The motion passed with members voting as follows: For  Jack Myers, C.E. Gibson, Benton J. Ryals, Jack Purvis, V.B. Hudson and J.W. Fagan. Against  Ernest J. McCraw, M.D.
We have held in many cases that boards of supervisors and other public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes. Mississippi State Highway Commission v. Sanders, 269 So.2d 350 (Miss. 1972); Cheatham v. Smith, 229 Miss. 803, 92 So.2d 203 (1957); Board of Supervisors of Adams County v. Giles, 219 Miss. 245, 68 So.2d 483 (1953); Thornhill v. Ford, 213 Miss. 49, 56 So.2d 23 (1952); Martin v. Newell, 198 Miss. 809, 23 So.2d 796 (1945); Smith County v. Mangum, 127 Miss. 192, 89 So. 913 (1921); Bridges & Hill v. Board of Supervisors of Clay County, 58 Miss. 817 (1881).
One reason requiring the acts of public boards to be evidenced by an entry on its minutes is cogently stated in Smith et al. v. Board of Supervisors, 124 Miss. 36, 86 So. 707 (1920) as follows:
We also think it was error for the court to permit individual members of the board of supervisors to testify what the board did, and what the board understood, and what the board had authorized to be done in the premises. A board of supervisors can act only as a body, and its act must be evidenced by an entry on its minutes. The minutes of the board of supervisors are the sole and exclusive evidence of what the board did. The individuals composing the board cannot act for the county, nor officially in reference to the county's business, except as authorized by law, and the minutes of the board of supervisors must be the repository and the evidence of their official acts. (124 Miss. at 41, 86 So. at 709).
Additional reasons for the rule are set forth in Lee County v. James, 178 Miss. 554, 174 So. 76 (1937) wherein the Court stated:
When official authority is conferred upon a board or commission consisting of three or more members, the authority so conferred must be exercised by a legal quorum, and, as a general rule, the decisions to be executed or the contracts to be awarded by the board must be determined or decided upon only in or at a lawfully convened session, and the proceedings must be entered upon the minutes, of the board or commission. The reasons for the requirements aforesaid are: (1) That when authority is conferred upon a board, the public is entitled to the judgment of the board after an examination of a proposal and a discussion of it among the members to the end that the result reached will represent the wisdom of the majority rather than the opinion or preference of some individual member; and (2) that the decision or order when made shall not be subject to the uncertainties of the recollection of individual witnesses of what transpired, but that the action taken will be evidenced by a written memorial entered upon the minutes at the time, and to which all the public may have access to see what was actually done. See upon the general principles stated, State ex rel. Baria v. Alexander, 158 Miss. 557, 562, 130 So. 754, and the recent case, State Highway Department v. Duckworth, 178 Miss. 35, 172 So. 148, 150. (178 Miss. at 558, 559, 174 So. at 77).
*797 It is also well established that each person, firm or corporation contracting with a board of supervisors is responsible to see that the contract is legal and properly recorded on the minutes of the board. Burt v. Calhoun, 231 So.2d 496 (Miss. 1970); Martin v. Newell, 198 Miss. 809, 23 So.2d 796 (1945); Jackson Equipment and Service Co. v. Dunlop, 172 Miss. 752, 160 So. 734 (1935).
Some of our cases indicate that it is necessary for the entire contract to be placed upon the minutes of a public board; however, in Cheatham v. Smith, 229 Miss. 803, 92 So.2d 203 (1957), the minutes did not contain the entire contract between Mrs. Cheatham and the Neshoba County Board of Education. The minutes reflected that the superintendent of education was authorized to enter into a contract with a large number of persons as teachers in the public schools of Neshoba County, "at the place and salaries as indicated below." Following this statement the minutes of the board listed the names of a large number of teachers in twelve different schools in Neshoba County. Under the House school district, the following appeared: "Mrs. Ella K. Smith, $1800.00 per year." After the meeting a written contract of employment was signed with Mrs. Smith and the court held that the minutes of the county board of education were sufficient to constitute an approval of the election of teachers by the board of trustees of the House school district. It held that Mrs. Smith had a valid contract as a teacher and affirmed the action of the trial court directing the county superintendent of education to issue salary warrants to her.
We have also held that plans and specifications for the construction of public works, when on file in the office of the clerk, may be made a part of a contract by reference. In Dixon v. Greene County, 76 Miss. 794, 25 So. 665 (1899) the Court stated:
The plans and specifications were on file and were referred to, from which all detailed information could have been obtained. The only express contract made by the board was to be found in the order on its minutes, and the plans and specifications made part thereof by reference. (76 Miss. at 809, 25 So. at 666).
In commenting on Dixon in Marion County v. Foxworth, 83 Miss. 677, 36 So. 36 (1903) the Court held that the "papers" (plans and specifications) specially referred to in the order of the board, and constituting a part of the same transaction, were in fact acts of the board. The Court then stated:
If any other rule applied, the contractor could not be held at all to any compliance with the plans and specifications of the work awarded to him, for the reason that architect's plans and specifications, from their very nature, cannot conveniently be entered on the minutes, yet they are invariably and rightly considered an integral part of the contract awarded thereon. (83 Miss. at 690, 36 So. at 38).
We therefore conclude that a contract with a public board may be enforced if enough of the terms and conditions of the contract are contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence.
In the case before us the parties stipulated that the contract was not recorded on the minutes of the board of trustees of the Jones County Community Hospital, and that the quoted portions of the minutes constitute the only reference to any contract between the plaintiff and the defendant. The minutes of August 28 reflect that defendant was to be given a four year contract as executive director of the hospital and directed Mr. Holifield to draw up the terms of the agreement for approval by the board at its next meeting. At the next meeting of the board on November 18 the minutes reflect that a proposed contract was discussed and reviewed by the board, and the president and secretary were authorized to execute a contract with plaintiff on behalf of the board. The minutes contain no reference to the salary to be paid plaintiff for his services. We therefore conclude that because the minutes do not reflect the amount of the salary to be paid to plaintiff, the Court may not determine the amount of *798 the salary. It was the responsibility of the plaintiff to see that the contract was properly recorded on the minutes.
AFFIRMED.
PATTERSON, C.J., INZER, and SMITH, P. JJ., and ROBERTSON, WALKER, BROOM, LEE and BOWLING, JJ., concur.