# IN THE COURT OF APPEALS 04/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CA-00049 COA

APPLICATION DATA SYSTEMS, INC., A MISSISSIPPI CORPORATION, CORPORATELY AND FOR THE USE AND BENEFIT OF THE CITY OF HATTIESBURG, MISSISSIPPI

APPELLANT

v.

PAUL ROWELL, JOHN HOLTON, JOHN BUCKLEY, SCOTT FARRIS, CHARLES E. LAWRENCE, JR., J. ED MORGAN, PROVIDENCE WASHINGTON INSURANCE COMPANY, MIDLAND INFORMATION SYSTEMS, J&J ACCOUNTING AND COMPUTER SALES, D. BANNERMAN AND COMPANY, DIVERSIFIED COMPUTER SYSTEMS, PROFESSIONAL COMPUTER SOFTWARE SERVICES, INC., SUNBURST BANK, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, AND CLARICE WANSLEY; AND

APPELLEES

PAUL ROWELL, JOHN HOLTON AND CLARICE WANSLEY

CROSS APPELLANTS

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. HOWARD L. PATTERSON, JR.

COURT FROM WHICH APPEALED: FORREST COUNTY CHANCERY COURT

ATTORNEYS FOR APPELLANT:

WINN DAVIS BROWN, JR., AND B.J. PERRY

ATTORNEY FOR APPELLEES:

PAUL RICHARD LAMBERT

NATURE OF THE CASE: CIVIL: PUBLIC PURCHASE

TRIAL COURT DISPOSITION: APPELLANT'S COMPLAINT AND AMENDED COMPLAINTS DISMISSED AS BEING FRIVOLOUS, IN BAD FAITH, FALSE, FOR THE PURPOSE OF HARASSMENT AND DELAY, AND TOTALLY WITHOUT MERIT

BEFORE BRIDGES, P.J., BARBER, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Application Data Systems, Inc. appeals the judgment of the Forrest County Chancery Court which found frivolity in its complaints against certain City of Hattiesburg officials, two bonding companies, the successful bidders of a city computer system purchase, and Sunburst Bank. ADSI's complaints alleged, among other things, a violation of the purchasing laws and a willful concealment by certain city officials of a lease-purchase agreement between the City of Hattiesburg and Sunburst Bank. Three of the Defendants filed counterclaims asserting that ADSI's complaints were frivolous and that they were entitled to actual and punitive damages, and to reimbursement of their litigation expenses. Although the court concluded that the three counterclaimants were not entitled to damages, it granted judgment in favor of the Defendants and awarded them attorneys' fees and litigation expenses. ADSI appealed and the counterclaimants cross appealed. ADSI asserts that the court erred in denying it relief and awarding attorneys' fees and litigation expenses to the Defendants. The counterclaimants contend that the court erred when it concluded that they were not entitled to damages. We affirm the direct appeal and remand the cross appeal.

FACTS

The City received several bids, including two bids by ADSI, in response to its advertisements for bids for the replacement of the police department's records management system, both hardware and software. The city council accepted the bids of several different companies by individual components. ADSI was not among the successful bidders. ADSI alleged in its original complaint against certain city officials, a bonding company and the successful bidders that the City's purchase violated the Mississippi purchasing laws.

About two months after the City accepted the successful bids, it entered into a lease-purchase agreement with Sunburst Bank regarding the computer equipment. ADSI filed amended complaints to include Sunburst Bank, a corporate surety, and another city employee. The lease-purchase agreement did not affect ADSI's claims. Nevertheless, ADSI alleged in its amended complaints, among other things, that the City did not comply with the purchasing laws with regard to the lease-purchase agreement, and that certain city officials had knowingly and willfully concealed their dealings with Sunburst Bank, and that they knowingly made false or fraudulent representations in their depositions. Three of the Defendants who were city employees filed counterclaims against ADSI asserting, among other things, that the complaints were frivolous and interposed in bad faith, and that they were entitled to actual and punitive damages, and to reimbursement of expenses

incurred in their defense.

After a four-day trial, the chancery court determined that the City had complied with the applicable Mississippi purchasing laws. It concluded that ADSI's complaint and amended complaints were frivolous and interposed in bad faith for the purpose of harassment and delay. The court further concluded that the counterclaimants were not entitled to either actual or punitive damages. After making extensive findings of facts and conclusions of law, the court granted judgment for the Defendants and ordered ADSI to pay attorneys' fees and litigation expenses incurred by the Defendants.

DISCUSSION

1. *Compliance with Purchasing Laws*

ADSI asserts that the chancery court's findings and conclusions that the City met all the legal requirements in its purchase of the records management computer system were manifest error. ADSI bases this assertion on the following allegations: (1) that the specifications excluded comparable equipment of domestic manufacture; (2) that the computer actually acquired by the City did not meet the specification's requirements; (3) that the specifications were not approved by the city council; and (4) that the city council did not honestly and reasonably exercise discretion in its evaluation of the bids.

Section 31-7-13 of the Mississippi Code of 1972 governs the bid requirements for public purchases by governing authorities. Section 31-7-13(c) provides that purchases by agencies or governing authorities which involve an expenditure of more that $2,500.00, exclusive of freight or shipping charges, like the one here, may be made from the lowest and best bidder after complying with certain requirements. Miss. Code Ann. § 31-7-13(c) (1972). One of these requirements is that the specifications must be written so as not to exclude comparable equipment of domestic manufacture. *Id.* ADSI maintained that the city officials did not comply with this requirement because the specifications purportedly limited the bids to the IBM AS/400 computer.

> At trial, an expert in the area of computer hardware and software and one of the Defendants who had over ten years experience with computer hardware and software both testified that the specifications were not specific to the IBM AS/400 and did not exclude comparable equipment of domestic manufacture. In addition, three independent witnesses and two of the Defendants all testified that the specifications complied with the Mississippi purchasing laws. ADSI offered three witnesses who testified to the contrary: the president of ADSI; an ADSI salesperson; and an expert witness whom ADSI retained to help with its bid proposal. The chancellor was entitled to weigh the evidence and the credibility of the witnesses. We find no manifest error in his determination that the Defendants' evidence and witnesses were more credible than that of ADSI. Moreover, the specifications allowed for "acceptable alternatives" to the requirements. The specifications provided: Proposals will be evaluated in two steps. The first step will consist of a review of each proposal response to the requirements. Each proposal must either satisfy every requirement or provide an acceptable alternative to the required item. Each alternative so proposed will be evaluated on its merits. It shall be the prerogative of the City to accept or reject a proposed alternative. Any proposal that fails to satisfy any one of the requirements

may be eliminated from further consideration. The second step in the evaluation will be the analysis of merits of each proposal which passes the initial screening.

This explicit allowance for acceptable alternatives demonstrates the absence of merit in ADSI's argument that the specifications excluded comparable equipment of domestic manufacture. Likewise, the specifications' allowance for alternatives shows the lack of merit in ADSI's allegation that the computer which the City actually purchased did not meet the specifications' requirements. This argument by ADSI--that the City did not comply with the purchasing laws because the computer which it purchased did not meet the specifications' requirements--is especially frivolous because the specifications did not require the City to eliminate from consideration all proposals that failed to satisfy the requirements. Rather, the specifications provided that the City *may* eliminate such proposals from consideration.

In an attempt to support its assertion that the City did not comply with the legal purchasing requirements, ADSI alleges that the city council did not approve the specifications because they were not included in toto in the minutes. This requirement is not contained in the Mississippi purchasing statutes, nor is it a requirement of the common law. In fact, the supreme court has held that specifications on file in the clerk's office may be made a part of a contract by reference. *Thompson v. Jones County Community Hosp.,* 352 So. 2d 795, 797 (Miss. 1977). Here, the minutes contained a "Notice to Bidders" which stated that a records management computer system for the City's police department was to "be bid upon and delivered as per specifications on file in the Office of the City Clerk." The notice provided the address and phone number of the clerk's office and stated that the specifications may be obtained upon request. We therefore find this allegation without merit.

ADSI's final allegation to support its claim that the City's purchase did not comply with the purchasing laws is that the city council did not honestly and reasonably exercise discretion in its evaluation of the bids. The evidence presented at trial does not support this allegation. Rather, the evidence shows that city employees examined public safety software and attended various demonstrations of such software, including two demonstrations by ADSI. The evidence further supports the court's finding that the city council properly accepted the lowest and best bids.

ADSI submitted two alternative or total solution bids. Among other problems with ADSI's bids, neither one met the required software specifications. ADSI's proposals did not meet the requirement of a municipal court records management system in its software. Even the president of ADSI and an employee of ADSI testified at trial that ADSI's proposals did not have the required software functionality. The evidence does not support ADSI's claim that the city council acted dishonestly or unreasonably, but only that ADSI was not happy with the council's decision. ADSI presented testimony that the City's manager of information systems did not return all of their phone calls, was not overly friendly, and mentioned that he was leaning toward an AS/400 computer rather than ADSI's computer, and that ADSI was only allowed to demonstrate its software on a portable computer rather than the City's existing computers. We find no manifest error in the court's determination that these allegations do not amount to a dishonest or unreasonable exercise of discretion.

ADSI also assigns error to the court's conclusion that the City complied with its bid protest

procedure. ADSI sent one letter and one formal bid protest regarding their opinion that the specifications did not meet the legal requirements. The City's purchasing protest procedure requires that the aggrieved party receive a written response in answer to its protest within seven days. This requirement was met by a letter sent by the city attorney to ADSI's attorney answering ADSI's protest. In the letter, the city attorney advised ADSI's attorney that the specifications had been reviewed and that the City would proceed with the awarding of bids as scheduled. Consequently, we agree with the chancery court's conclusion and find this argument to be without merit.

*2. The Lease-Purchase Financing Agreement*

Parties have standing to sue when (1) they assert a colorable interest in the subject matter of the dispute or are adversely affected by the defendant's conduct, or (2) they are otherwise authorized by law. *Harrison County v. City of Gulfport*, 557 So. 2d 780, 782 (Miss. 1990) (citations omitted). The lease-purchase financing agreement did not affect ADSI's own claims. Thus, in order for ADSI to have had standing to sue on issues regarding the financing agreement, its standing must have been "authorized by law." ADSI did not provide this Court in its briefs on appeal the statutory authority which is the basis for its standing. Instead, in one of its briefs which it provided the lower court, ADSI cited a repealed statute as authority upon which it based its standing to sue on issues involving the financing agreement. Undaunted by the apparent inapplicability of the authority cited, ADSI pursued its case. Neither side of this dispute raised standing as an issue, nor did the chancery court consider ADSI's standing necessary to the disposition of this case. Instead, the parties argued, and the court addressed, the merits of ADSI's claim regarding the financing agreement.

Section 31-7-57(1) of the Mississippi Code of 1972 appears to be the only possible source for ADSI's standing. This section provides that any officer or employee of a governing authority who appropriates or authorizes the expenditure of money to an object not legally authorized,

> [S]hall be liable personally for up to the full amount of the appropriation or expenditure as will fully and completely compensate and repay such public funds for any actual loss cased by such appropriation or expenditure, to be recovered by suit *in the name of the governmental entity involved, or in the name of any person who is a taxpayer suing for the use of the governmental entity involved.*

Miss. Code Ann. § 31-7-57(1) (1972) (empasis added). This section and section 19-13-37(1), the repealed statute cited by ADSI, are in many relevant particulars identical. Both unambiguously authorize enforcement two ways: (1) by suit in the name of the governmental entity involved or (2) by suit in the name of any person *who is a taxpayer* suing for the use of the governmental entity involved.

Suits brought in the name of the applicable governmental entity presumably may be brought by the state auditor, the attorney general, or perhaps by the district attorney. *Canton Farm Equip., Inc. v. Richardson,* 501 So. 2d 1098, 1109 (Miss. 1987) (citations omitted) (holding that unsuccessful bidder for contract with county board of supervisors had standing pursuant to section 19-13-37(1) to sue supervisor who did not comply with purchasing statutes in awarding bids). In order for ADSI to have standing under section 31-7-57(1), it must have sued as a *taxpayer* for the use of the City and

showed proof of such status. *Id.* at 1106-07. ADSI has not referred this Court to any part of the record which shows proof of its status as a taxpayer of the City. We will assume that somewhere in the voluminous record there is buried proof of ADSI's status as a Hattiesburg taxpayer. Rather than reversing this case on the ground of lack of proof of standing, we address here the frivolity of ADSI's claim as a private attorney general regarding the financing agreement between the City and Sunburst Bank.

ADSI's allegations which pertain to the lease-purchase agreement involved two main assertions: (1) that the City did not comply with the purchasing laws with regard to the financing agreement and (2) that the counterclaimants were guilty of knowingly and willfully falsifying, concealing, or covering up the involvement of Sunburst Bank and the dealings of the city officials with the bank, and of knowingly making false or fraudulent statements or representations within depositions.

Section 31-7-13(e) of the Mississippi Code of 1972 pertains to lease-purchase arrangements between municipalities and third parties. This section allows a municipality to obtain lease-purchase financing from a third party source after obtaining at least two written competitive bids. The solicitation of bids for financing may occur before or after acceptance of bids for purchase, or when no such bids are required, at any time before the purchase of the equipment. *Id.* The evidence presented in the record demonstrates that the City received four written proposals for lease-purchase financing after it accepted the bids for purchase. The evidence presented also shows that the City paid for the computer system after it executed the lease-purchase agreement with Sunburst Bank. Consequently, we find no error in the court's conclusion that the City properly entered into the lease-purchase agreement with Sunburst Bank, and that the agreement is in compliance with Mississippi law.

ADSI also assigns error to the chancellor's conclusion that the counterclaimants were not guilty of knowingly and willfully falsifying, concealing, or covering up the involvement of Sunburst Bank and the dealings of the city officials with the bank, and of knowingly making false or fraudulent statements or representations within their depositions. Among the evidence presented to support the chancellor's conclusion was the president of ADSI's admission during cross-examination that the counterclaimants were never asked about information pertaining to the lease-purchase agreement during their depositions. After a careful review of the evidence regarding this issue, we find no error in the chancellor's conclusion.

3. *Frivolity*

In the chancery court's judgment, it concluded that ADSI's complaints were frivolous "in that

the allegations contained therein are false, totally without merit and were interposed in bad faith for purposes of harassment and delay." The court accordingly awarded attorneys' fees and costs against ADSI. However, the court did not specify whether the sanctions for frivolity were imposed pursuant to Rule 11 of the Mississippi Rules of Civil Procedure or the Litigation Accountability Act of 1988, section 11-55-1 *et seq.* of the Mississippi Code. Rule 11 provides:

> If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including attorneys' fees.

M.R.C.P. 11. Section 11-55-7 of the Litigation Accountability Act provides the same relief as Rule 11 when the court finds that "an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment . . ." Miss. Code Ann. § 11-55-5(1) (1972). "A claim is without substantial justification when it is 'frivolous, groundless in fact or in law, or vexatious, as determined by the court.'" *Leaf River Forest Prods. v. Deakle,* 661 So. 2d 188, 196 (Miss. 1995) (citations omitted). For purposes of our review of this case, it does not matter which of the two bases for imposing sanctions was used by the chancellor.

In our review of the chancery court's conclusion that ADSI's complaints were frivolous and its decision to impose sanctions, we are limited by the familiar abuse of discretion standard. *Id.* at 196-97 (citations omitted). A claim is "frivolous," for purposes of the Act and for Rule 11 purposes, "only when, objectively speaking, the pleader or movant has no hope of success." *Id.* Given the facts of this case and the Defendants' complete defense, ADSI never had any hope of success nor any viable claim. In other words, ADSI's complaints were frivolous. In addition to challenging the awarding of attorneys' fees, ADSI also challenges the amount of the award. Our standard of review

of both the award and quantum of attorneys' fees is the familiar abuse of discretion standard, and such awards must be supported by credible evidence. *Young v. Huron Smith Oil Co.,* 564 So. 2d 36, 40 (Miss. 1990). Because no misperception of the correct legal standard or abuse of discretion by the chancery court is revealed by the record, we find this assignment of error without merit.

4. *The Cross Appeal*

The counterclaimants cross appeal contending that the chancery court erroneously concluded that they were not entitled to actual or punitive damages for pain and suffering, and mental and emotional distress. Though the counterclaimants did not place a label on the legal basis of their claims, it is evident they are founded on the common law action of abuse of process.

The three elements of abuse of process are (1) a misuse or misapplication of a legal process, (2) with an ulterior motive, and (3) damage as a result of the improper use of process. *McLain v. West Side Bone & Joint Ctr.,* 656 So. 2d 119, 123 (Miss. 1995). The crucial element of this common law action is "the intent to abuse the privileges of the legal system." *Id.*

While the chancellor concluded that the counterclaimants were not entitled to actual or punitive damages, he did make the necessary findings regarding the first two elements of the claim, i.e., a misuse of process for an ulterior purpose. There was substantial testimony regarding physical

ailments and mental distress resulting from the litigation. We do not know if the chancellor found the testimony unbelievable or rejected awarding damages for some other reason. In sum, the lower court never stated *why* the counterclaimants were not entitled to actual or punitive damages.

Because the chancellor made findings that supported these claimants on issues not pertaining

to the issue of damages, we reverse and remand this part of the case. The issue to be considered by the lower court upon remand is whether the counterclaimants suffered compensable damages.

**THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED ON DIRECT APPEAL AND REVERSED AND REMANDED ON CROSS APPEAL. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, McMILLIN, AND PAYNE, JJ., CONCUR.**

**KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY DIAZ, J.**

# IN THE COURT OF APPEALS 4/23/96

# OF THE

# STATE OF MISSISSIPPI

### NO. 94-CA-00049 COA

**APPLICATION DATA SYSTEMS, INC., A MISSISSIPPI CORPORATION, CORPORATELY AND FOR THE USE AND BENEFIT OF THE CITY OF HATTIESBURG, MISSISSIPPI**

**APPELLANT**

**v.**

**PAUL POWELL, JOHN HOLTON, JOHN BUCKLEY, SCOTT FARRIS, CHARLES EL. LAWRENCE (JR.), J. ED MORGAN, PROVIDENCE WASHINGTON INSURANCE COMPANY, MIDLAND INFORMATION SYSTEMS, J&J ACCOUNTING AND COMPUTER SALES, D. BANNERMAN AND COMPANY, DIVERSIFIED COMPUTER SYSTEMS, PROFESSIONAL COMPUTER SOFTWARE SERVICES, INC., SUNBURST BANK, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, AND CLARICE WANSLEY, AND PAUL ROWELL, JOHN HOLTON AND CLARICE WANSLEY**

**APPELLEES**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

KING, J., DISSENTING:

I would affirm this cause in all respects. The majority would reverse and remand to the chancellor to determine whether counterclaimants "suffered compensable damages." It is my belief that this determination was made by the chancellor when he refused to award damages.

If this Court desires to know upon what basis the chancellor made the determination, it should remand for supplementation of the record, as it has done on *Batson* issues. To remand as the majority seeks to do falls just short of directing an award of damages.

**DIAZ, J., JOINED THIS OPINION.**