KING, P.J.,
dissenting:
¶ 29. I respectfully dissent from the majority opinion.
¶30. The majority would reverse and render this case, holding that the resolution adopted by the Board of Supervisors on January 6, 1983, was as a matter of law sufficient to establish the contractual terms between Community Extended Care and the Board of Supervisors. Even a cursory reading of the reshlution reveals merely an intent to lease. It does not reveal any of the rights and obligations of the parties under a proposed lease.
¶ 31. The minutes of the Board of Supervisors, must at a very minimum, state the principal rights and obligations of the parties. Thompson v. Jones County Community Hospital, 352 So.2d 795, 797 (Miss.1977); Bruner v. University of Southern Mississippi 501 So.2d 1113 (Miss.1987). I read this to require, at a bare minimum, that the Boards’ minutes identify the property to be leased and the amount to be paid for the leasehold. While the resolution here identifies the property to be leased, it does not include a specific lease payment, or a formula by which the payment could be determined. While the supporting conditions may be determined by reference to another document, the principal rights and obligations must be contained in the Board’s minutes.
¶ 32. The majority relies upon Marion County v. Foxworth, 83 Miss. 677, 36 So. 36 (1904) to hold the resolution sufficient as a matter of law. It would appear to me that the majority either misreads or misunderstands Marion County. In Marion County, an appropriate entry had been made upon the Board’s minutes regarding a contract to construct a bridge. However, once construction was undertaken, it was determined that unforseen eircum-stances required additional work.
¶33. The specific question which our Supreme Court attempted to answer in Marion, County was, “... what power the board of supervisors of a county has in reference to additional or extra work thought necessary for the completion of any public work already contracted for?” The Court’s response was that for this extra work, it was not necessary to go through a new bid process, where the additional work was (1)' detailed, (2) a price was stated, and (3) filed with the prior properly executed contract. As part of its reasoning, the Court suggested that to hold otherwise might allow a second contractor, who is antagonistic to the first, to get the bid for the additional work, which was not in the public interest. Marion County also provides that a board of supervisors may adopt by reference, and thereby satisfy the requirement of a written minute entry. •
¶ 34. In the present case, the board did not adopt by reference any specific contract. While, the majority, would by inference, find an adoption ,by reference, the language, which the majority reads could be just as appropriately be read as merely directing that a lease be extended in duplicate original.
¶ 35. Marion County, in no. way alters the requirements that the principal rights and. obligations of, the parties be ascertainable by reading the Board’s minutes.
¶ 36. I, for these reasons, dissent and would affirm.