ISHEE, J., for the Court:
¶ 1. This appeal stems from the suit filed by Tracy Vance in the County Court of Coahoma County against the town of Lula, Mississippi (the Town), seeking compensation for unpaid holidays, vacation days, and sick days accrued during his employment as the Town’s marshal. On May 12, 2011, the county court dismissed the case after granting a motion for a directed verdict in favor of the Town. Following dismissal, Vance filed an appeal in the circuit court. On September 26, 2012, the circuit court affirmed the decision of the county court. Aggrieved by the judgments of the circuit *926 and county courts, Vance appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. In a special meeting held July 27, 2004, the Town dismissed Thomas Ore as town marshal. On August 3, 2004, the Town held a regularly scheduled meeting with the Board of Aldermen and Mayor Alice Middleton. At that meeting, the possibility of hiring a new town marshal was set to be discussed. Vance, who had submitted an application for the position, was present at the meeting. The Board and Mayor Middleton entered into an executive session regarding the possibility of hiring Vance. Upon their return, they interviewed Vance and subsequently hired him at the close of the meeting. Vance served as the Town’s marshal from August 2004 to July 2009.
¶ 3. In 2009, Patricia Furdge was acting mayor of the Town. On July 28, 2009, Mayor Furdge sent a letter to Vance regarding a suggestion by Vance that he was owed additional salary. Mayor Furdge asked that Vance provide an amount and reason for the additional salary owed. On August 31, 2009, Vance responded to May- or Furdge, stating the Town owed him $16,400 for unpaid holidays, sick or leave days, and vacation days, dating back to June 2004. On October 22, 2009, Vance submitted another letter clarifying his claims and correcting the amount owed to $14,300.
¶ 4. On September 21, 2010, Vance filed a complaint in the county court against the Town seeking unpaid salary compensation. The Town filed a motion to dismiss, a motion for sanctions, and an answer to the complaint on October 15, 2010. On May 12, 2011, a trial on the merits was held in the county court. The county court granted a motion for a directed verdict in favor of the Town, finding that Vance’s employment contract was oral, and, thus, the action was barred by the applicable one-year statute of limitations.
¶ 5. Vance filed a motion for reconsideration, which was denied on October 14, 2011. Subsequently, Vance appealed to the circuit court. After considering the briefs, the oral arguments of both parties, and the county court’s judgment, the circuit court affirmed the decision of the county court. Vance now appeals arguing that a written agreement with the Town existed and the case should be removed from the province of legal authority governing unwritten employment contracts. Vance alleges, therefore, the circuit court erred in affirming the county court’s judgment.
DISCUSSION
¶ 6. “A motion for reconsideration is treated as a motion to amend the judgment pursuant to Rule 59(e) of the Mississippi Rules of Civil Procedure[.]” Lampkin v. Thrash, 81 So.3d 1193, 1199 (¶ 21) (Miss.Ct.App.2012). In order “[t]o succeed on a Rule 59(e) motion, ‘the mov-ant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.’ ” /¿.(quoting Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004)). This Court reviews the “denial of a Rule 59(e) motion under an abuse-of-discretion standard.” Id.
¶ 7. Vance appeals the circuit court’s decision to affirm the county court’s denial of his motion for reconsideration. The motion for reconsideration stems from the county court’s grant of a motion for a directed verdict in favor of the Town. A motion for a directed verdict challenges the sufficiency of the evidence. McGee v. River Region Med. Ctr., 59 So.3d 575, 577 (118) (Miss.2011) (citation omit *927 ted). In reviewing a motion for directed verdict, this Court will consider “whether the evidence, as applied to the elements of a party’s ease, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.” Id. (citation omitted). The evidence -will be viewed in the “light most favorable to the non-moving party and ... that party [will be given] the benefit of all favorable inferences that may be reasonably drawn from the evidence presented at trial.” Griffin v. N. Miss. Med. Ctr., 66 So.3d 670, 672 (¶ 5) (Miss.Ct. App.2011) (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992)). If a question of fact arises “from which reasonable minds could differ,” the motion for a directed verdict should not be granted. Id.
¶ 8. The county court granted the Town’s motion for a directed verdict because the statute of limitations for Vance’s unwritten-contract claims had run. Vance asserts that a written employment contract existed between himself and the Town, and, thus, the one-year statute of limitations for unwritten contracts is inapplicable. Mississippi Code Annotated section 15-1-29 (Rev.2012) provides in pertinent part: “[A]n action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.” For written contracts, the statute of limitations is a three-year period. See Miss.Code Ann. § 15-1-49 (Rev.2012). It is clear that Vance was employed by the Town as the marshal.
¶ 9. A general employment contract exists where there is “(1) consent of the parties, (2) consideration for the service rendered, (3) and control by the employer over the employee.” Levens v. Campbell, 733 So.2d 753, 758 (¶ 15) (Miss.1999) (citation omitted). It is clear that Vance was employed by the Town as the marshal. The dispute lies in whether or not a written employment contract existed between the Town and Vance. In support of his argument, Vance cites to Levens, which states that, “[i]f the written agreement furnishes some objective standard by which its terms may be made definite and the contract complete, the contract is written.” Id. (citation omitted). Vance asserts that the minutes of the Town’s meeting on August 3, 2004, were sufficient to constitute a written employment contract.
¶ 10. The Mississippi Supreme Court has previously held “that boards of supervisors and other public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes.” Thompson v. Jones Cnty. Cmty. Hosp., 352 So.2d 795, 796 (Miss. 1977) (citations omitted). “[A] contract with a public board may be enforced if enough of the terms and conditions of the contract are contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence.” Id. at 797.
¶ 11. In the instant case, the minutes do not fully address the terms of an employment contract. Vance was questioned by the Board about his availability, his access to transportation, and his credentials. As stated in the record, the “[mjinutes, at the most, ‘established the basic existence of an obligation to pay and perform.’ ” However, the duties, the obligations, and the rate of pay for the position were never addressed in the minutes by the Town or Vance. The minutes alone do not constitute a written agreement for purposes of an employment contract.
¶ 12. Vance contends that the minutes, when coupled with the Town’s admissions during discovery, the Town’s budget, *928 and various documents relating to the Town’s employment policies, constitute a written employment contract. However, the supreme court has stated “that where the written agreement is so indefinite that parol evidence is necessary to show a contractual relationship, the contract is unwritten and the limitations statute [for] written contracts is not applicable.” Le-vens, 733 So.2d at 758 (¶ 15) (citation omitted). It is evident that the documents Vance purports to be a part of the written contract are parol evidence and, thus, the employment contract must be deemed as unwritten.
¶ 13. The minutes reflect that the Board and the Mayor essentially interviewed Vance during the meeting. However, the actual terms of his employment as the Town’s marshal were not sufficiently included in the minutes. It is well settled that “each person, firm[,] or corporation contracting with a board of supervisors is responsible to see that the contract is legal and properly recorded on the minutes of the board.” Thompson, 352 So.2d at 797. As such, the contract falls squarely within the confines of an unwritten employment contract. After a thorough review of the record, we do not find that the circuit court abused its discretion in affirming the judgment of the county court. Accordingly, we find this issue is without merit.
¶ 14. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.