# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01397-COA

JERRY L. KENNEDY                                                        APPELLANT

v.

CLAIBORNE COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
CLAIBORNE COUNTY HOSPITAL AND
BOARD OF TRUSTEES OF CLAIBORNE
COUNTY HOSPITAL                                                         APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2015 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHUCK R. MCRAE |
| | SETH C. LITTLE |
| | CHRISTOPHER A. BAMBACH |
| ATTORNEYS FOR APPELLEES: | SILAS W. MCCHAREN |
| | BARBARA M. BLACKMON |
| | EDWARD BLACKMON JR. |
| | PETER J. MCKELROY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | FINAL JUDGMENT IN FAVOR OF APPELLEES; CASE DISMISSED WITH PREJUDICE |
| DISPOSITION: | AFFIRMED: 02/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Jerry Kennedy appeals the judgment of the Claiborne County Circuit Court wherein

the circuit court found Kennedy's contract of employment with the Claiborne County

Hospital Board of Trustees was not sufficiently spread across the minutes to constitute a

valid and enforceable contract. We find no error and affirm.

FACTS

¶2. In July 2012, Claiborne County, Mississippi, through its Board of Supervisors, took control of the Claiborne County Hospital ("Hospital"), acting as the Board of Trustees for the Hospital. The Claiborne County Hospital Board of Trustees ("Board") held regular meetings to discuss the business of the Hospital.

¶3. Pursuant to Mississippi Code Annotated section 41-13-35(3) (Rev. 2013), the Board was required to keep minutes of its official business. The minutes from the following Board meetings were introduced at trial and are summarized as follows:

> August 13, 2012 — The Board selected Kennedy "Hospital Administrator." The minutes were adopted by action of the Board on August 27, 2012.
>
> August 27, 2012 — The Board approved Kennedy's salary of $20,000 per month. The minutes were adopted by action of the Board on August 27, 2012.
>
> September 10, 2012 — The Board noted under "Old Business" that the salary for the Hospital Administrator is $20,000 per month and $240,000 per year. The minutes were adopted by action of the Board on September 25, 2012.
>
> September 25, 2012 — The Board agreed to give Kennedy "a 5 year contract with incentives." The minutes were adopted by action of the Board on October 4, 2012.
>
> April 1, 2013 — The Board informed Kennedy he did not have a valid contract because there was never one reflected in the minutes. The Board offered Kennedy a one-year contract and presented the one-year contract for approval. Kennedy responded that his contract was a five-year contract and he did not have a one-year contract. Kennedy refused the one-year contract. Kennedy was terminated as Hospital Administrator effective April 2, 2013.

¶4. Kennedy filed a complaint in circuit court against Claiborne County, by and through its Board of Supervisors, the Hospital, the Claiborne County Board of Trustees, and John

2

Does 1-10. The complaint asserted claims for breach of contract, deprivation of civil rights, conspiracy to interfere with civil rights, and specific performance. The contract that Kennedy claims was breached was an employment agreement between Kennedy and the Board dated October 4, 2012, and signed by Kennedy and the Board President as "Chairperson."[1] The term of the contract was for five years beginning October 4, 2012.

¶5.     Kennedy filed a motion for partial summary judgment and claimed that his five-year contract was approved by the Board and sufficiently spread across the minutes. Thus, he argued the contract was valid and enforceable. Claiborne County responded and filed a cross-motion for summary judgment and claimed that the contract was not valid and enforceable, and Kennedy was lawfully terminated. After a hearing, the circuit court denied both motions.

¶6.     On May 12-13, 2015, a bench trial was held. Kennedy and Annie Odom, the Board's secretary, testified. Various exhibits were introduced at trial, including the minutes, the five-year contract, and the one-year contract. Claiborne County was prohibited from presenting any witnesses or documentary evidence due to a pretrial sanction issued by the circuit court. Thus, the only evidence introduced at trial was offered by Kennedy.

¶7.     On September 4, 2015, the circuit court issued its findings of fact and conclusions of law and found that the minutes were not sufficient to create a valid and enforceable contract for a term of five years between Kennedy and the Board. The circuit court further found that Kennedy failed to prove he was unlawfully terminated and failed to establish Claiborne

---

[1] The minutes from the October 4, 2012 Board meeting were not introduced at trial.

County violated his constitutional rights. A final judgment in favor of Claiborne County was entered.

¶8.    Kennedy now appeals and argues: (1) the circuit court erred in finding the contract of employment was not sufficiently evidenced on the minutes, (2) the circuit court's ruling that Claiborne County did not breach the contract was against the great weight of the evidence, (3) the circuit court erred in finding Kennedy did not have a property right in his continued employment, and (4) the circuit court erred in denying Kennedy's motion for partial summary judgment.

## STANDARD OF REVIEW

¶9.    "A circuit court judge sitting without a jury is afforded the same deference as a chancellor." *City of Jackson, Miss. v. Sandifer*, 107 So. 3d 978, 983 (¶16) (Miss. 2013). "We will not disturb a circuit court's findings after a bench trial unless 'they are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.'" *Id*.

## ANALYSIS

I.    *Whether the circuit court erred in finding the contract of employment was not sufficiently evidenced on the minutes.*

¶10.    A public board "speaks and acts only through its minutes." *Wellness, Inc. v. Pearl River Cty. Hosp.*, 178 So. 3d 1287, 1290 (¶9) (Miss. 2015). The minutes "are the sole and exclusive evidence of what the board did" and "must be the repository and the evidence of their official acts." *Pike Cty., Miss. ex rel. Bd. of Supervisors v. Indeck Magnolia, LLC*, 866 F. Supp. 2d 589, 591-92 (S.D. Miss. 2012) (quoting *Thompson v. Jones Cty. Cmty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977)).

4

a. *Whether the contract was attached to the minutes.*

¶11. Kennedy first argues that his five-year contract was attached to the minutes and is therefore enforceable. Kennedy relies on the trial testimony of Annie Odom, the Board's secretary. Kennedy asserts the circuit court neglected to consider Odom's testimony that she "personally attached [the contract] to the minutes of the [Board] prior to the termination of [Kennedy]."

¶12. Odom testified that when Kennedy gave her the contract in 2012, she put the contract in a folder with Kennedy's name on it, and put it in her desk drawer. Odom specifically stated the contract was not in the minute book at that time. Odom further testified it was not until March 2013 when she put the contract in the "side pocket of the minute book." However, simply placing a contract in a drawer or in the side pocket of the minute book at some later date is insufficient to meet the minutes requirement. *See Lange v. City of Batesville*, 972 So. 2d 11, 19 (¶10) (Miss. Ct. App. 2008) ("[T]he action taken will be evidenced by a written memorial entered upon the minutes at the time, and to which all the public may have access to see what was actually done." (quoting *Thompson*, 352 So. 2d at 796)).

¶13. While the circuit court did not specifically discuss Odom's testimony, it did reference her testimony in its findings of fact and conclusions of law. The circuit court concluded that a copy of the contract was not attached to the minutes. We do not find the court's finding to be manifestly wrong or clearly erroneous.

b. *Whether the minutes sufficiently evidence a contract.*

5

¶14. Kennedy next argues that even if the contract was not attached to the minutes, the minutes sufficiently evidence a five-year contract of employment. The requirement that "a board may only speak through its minutes does not equate to the notion that the entirety of a contract must be reproduced within a board's minutes." *Id.* A contract with a public board "may be enforced if enough of the terms and conditions of the contract are contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence." *Thompson,* 352 So. 2d at 797.

¶15. The five-year contract Kennedy seeks to enforce addresses Kennedy's duties and performance and provides a gross annual salary of $240,000 for the first year, with a four percent increase for every year thereafter. Additionally, the contract provides for fringe benefits including a pager and a cell phone, and reimbursement for travel, lodging, food, and professional dues and licenses. The contract cannot be terminated without cause, and the Board must give Kennedy at least 120 days' written notice of its intent to terminate the agreement if there is an amicable termination. Moreover, the Board must provide Kennedy with the alleged cause for termination and allow him 120 days to correct the cause if proven to be amicable cause.

¶16. Kennedy claims the Board breached the contract when it terminated him "without the requisite cause, notice, or opportunity to correct." Kennedy further claims that pursuant to the contract, the Board is obligated to pay him "a gross salary of $240,000 per year at a rate of $20,000 per month with a yearly increase in salary of 4% annually."

¶17. The minutes show Kennedy was named hospital administrator at a salary of $20,000

per month and $240,000 per year. While the minutes reflect Kennedy was to be given "a 5 year contract with incentives," the minutes do not contain enough terms and conditions of the contract to determine the incentives, or other liabilities and obligations such as benefits and termination.

¶18. The only minutes that reference a five-year contract are the minutes from September 25, 2012, which reflect "a 5 year contract with incentives." However, the September 25, 2012 minutes were not adopted by the Board until a meeting held on October 4, 2012. Additionally, the contract on which Kennedy relies was dated and entered October 4, 2012. Yet the minutes from October 4, 2012, were not introduced at trial and are, therefore, not included in the record before us. Thus, there is no evidence to show what, if any, action was taken by the Board on October 4, 2012, regarding the contract.

¶19. Although the contract was signed by a board member, there are no minutes to show that the board member was authorized to unilaterally enter into the contract or to bind the Board as a whole. *See Lange*, 972 So. 2d at 21 (¶16) (Board members, individually, cannot "authorize an agent to bind [the Board] unless an order thereof was entered upon its minutes authorizing the giving of such authority, or unless the order constituting a contract recited the making thereof, and its approval by [the Board]."). Moreover, there are no minutes to indicate the contract was "determined or decided upon only in or at a lawfully convened session." *Howell v. Bd. of Supervisors of Jefferson Davis Cty.*, 70 So. 3d 1148, 1154-55 (¶22) (Miss. Ct. App. 2011).

¶20. Kennedy relies on *Thompson* to support his position that the minutes sufficiently

reflect a contract. In *Thompson*, Thompson filed a breach-of-contract action against the community hospital and claimed the hospital employed him as executive director at an annual salary of $44,000 for a term of four years. *Thompson*, 352 So. 2d at 795. The minutes reflected that Thompson was given a four-year contract as executive director of the hospital, but contained no reference to salary. *Id*. at 797. On appeal, the court concluded it could not determine the amount of the salary since it was not reflected in the minutes, and therefore affirmed the circuit court's dismissal of Thompson's breach-of-contract action. *Id*. at 797-98.

¶21. Just as the court in *Thompson* could not determine the salary, we cannot determine the incentives. Moreover, we cannot enforce a contract with a public board that limits the board's ability to terminate an employee and contains certain obligations such as notice of termination and an opportunity to correct the cause, without any reference to those obligations in the minutes.

¶22. "[E]ach person, firm or corporation contracting with a board of supervisors is responsible to see that the contract is legal and properly recorded on the minutes of the board." *Id.* at 797. Kennedy "had a clear and well-established duty to ensure that sufficient terms of [his] contract with the hospital were spread upon the Board's minutes." *Wellness, Inc*., 178 So. 3d at 1293 (¶18). We find Kennedy failed to fulfill this duty. As the terms and conditions of the contract were not sufficiently contained in the minutes for determination of the liabilities and obligations of the contracting parties, the employment contract cannot be enforced. *Thompson,* 352 So. 2d at 797.

8

II. *Whether the circuit court's ruling that Claiborne County did not breach the contract was against the great weight of the evidence.*

¶23. Kennedy asserts "the evidence presented at trial clearly showed [he] was terminated without cause, and that such termination constituted a breach of contract." Kennedy claims "[the Board's] act of agreeing to [his] five (5) year contract removes [his] employment from the at-will employment doctrine, thereby prohibiting [his] termination without cause."

¶24. Kennedy's breach-of-contract claim is based on the assumption that a valid and enforceable contract of employment exists. The circuit court determined that the Board could terminate Kennedy's employment with or without cause because Kennedy did not have a valid and enforceable contract stating otherwise. We do not find the circuit court's determination to be manifestly wrong or clearly erroneous. Because there was no valid and enforceable contract between the parties, there was no breach of contract by Claiborne County.

III. *Whether the circuit court erred in finding Kennedy did not have a property right in his continued employment.*

¶25. Kennedy further asserts his termination without cause and without notice constituted "a deprivation of a property right in continued employment without due process." "A public employee has a property interest in [his] job if [he] has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment.*" Roberts v. Walthall Cty. Gen. Hosp.*, 96 F. Supp. 2d 559, 562 (S.D. Miss. 2000). "A claim of entitlement to job tenure may be created directly by statute or by written contract or by a mutually explicit understanding enforceable under state law as an implied contract." *Id*.

9

¶26. Kennedy argues his claim of entitlement to job tenure was created by his written employment contract with the Board. However, the minutes do not sufficiently reflect a contract. Moreover, the minutes do not contain any provision that would limit the Board's ability to terminate Kennedy. Without a valid contract, Kennedy did not have a constitutionally protected property interest in continued employment. Thus, his constitutional rights were not violated when he was terminated.

      IV.    *Whether the circuit court erred in denying Kennedy's motion for partial summary judgment.*

¶27. Kennedy last asserts the circuit court erred in denying his motion for partial summary judgment. We find this issue is moot.

¶28. "[A]ppeals from the denial of a motion for summary judgment are interlocutory in nature and are rendered moot by a trial on the merits." *Britton v. Am. Legion Post 058*, 19 So. 3d 83, 85 (¶7) (Miss. Ct. App. 2008). Following the circuit court's denial of his motion for partial summary judgment, Kennedy did not seek interlocutory review. Instead, he proceeded to a trial on the merits. As a result, this issue is moot.

## CONCLUSION

¶29. "The Mississippi Supreme Court has characterized the minutes requirement as 'an important public policy issue,' cautioning that 'public interest requires adherence thereto, notwithstanding the fact that in some instances the rule may work an apparent injustice.'" *Urban Developers, LLC v. City of Jackson, Miss.*, 468 F.3d 281, 299 (5th Cir. 2006) (quoting *Butler v. Bd. of Supervisors for Hinds Cty.*, 659 So. 2d 578, 579 (Miss. 1995)). "[T]he policy of protecting the public's funds for use by and for the public is paramount to other individual

rights which may also be involved." *Id*.

¶30.    We find the minutes do not sufficiently reflect a five-year contract between Kennedy

and the Board.  Accordingly, we affirm the judgment of the circuit court.

¶31.    **THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS AFFIRMED.    ALL  COSTS  OF  THIS  APPEAL  ARE  ASSESSED  TO  THE APPELLANT.**

        **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  WESTBROOKS, J., NOT PARTICIPATING.**