# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 20-30805

MAGNOLIA ISLAND PLANTATION, L.L.C.; BARBARA MARIE
CAREY LOLLAR,

*Plaintiffs—Appellees*,

*versus*

JULIAN C. WHITTINGTON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-1526

---

Before JOLLY, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:

In this interlocutory appeal, the question presented is whether Julian Whittington, the sheriff of Bossier Parish, Louisiana, is entitled to qualified immunity barring Barbara Lollar's claim that his improper management of the sheriff's sale of property in which she claimed an interest violated her protected rights. The district court denied immunity. On appeal, however, we hold that the Sheriff is entitled to qualified immunity as to Lollar's claim under 42 U.S.C. § 1983, as Lollar failed to allege any personal involvement of the Sheriff in the purported wrongdoing. But on Sheriff Whittington's

No. 20-30805

claim to discretionary immunity under Louisiana law, we hold that the district court did not abuse its discretion in finding that the Sheriff failed to timely raise the defense before that court. Accordingly, we reverse as to federal and state qualified immunity and affirm the denial of discretionary immunity under Louisiana law.

**I**

**A**

This appeal represents one small piece of a sprawling litigation over a land transaction gone awry. William A. Lucky, III, a businessman who owns land in the Shreveport area, sought to acquire a 365-acre tract endowed with considerable oil and gas deposits. The owner had a personal dispute with Lucky and would not sell to him, so Lucky allegedly enlisted the aid of Barbara Lollar, an independent contractor in real estate with whom Lucky had a longstanding personal and business relationship. Lollar did purchase the property, but she refused to turn it over to Lucky and denied that any agency agreement ever existed.

Lucky sued Lollar in state court for money damages on a theory of breach of fiduciary duty. Immediately before the trial court was to hand down its decision, however, Lollar conveyed the land to her husband, Ronald Lollar, in exchange for a promissory note (the "Note") in the amount of $1.73 million. Her husband, in turn, conveyed the land to Magnolia Island Plantation, L.L.C., an entity he had created three days earlier; Magnolia also assumed the duty to pay the Note. In short, as of the time of this appeal, the owner of the property and the obligor on the Note is Magnolia. The state trial court subsequently ordered Lollar to pay Lucky approximately $1.8 million in damages and authorized the seizure and sheriff's sale of the Note in satisfaction of the judgment against Lollar.

**B**

Now enter the defendant, Sheriff Whittington. He is the lone appellant in this interlocutory immunity appeal. Whether he is entitled to qualified immunity from this suit is the sole question before us.

Under Louisiana law, the debtor and creditor each have the right to appoint an appraiser to evaluate certain property sold at a sheriff's sale. La. Stat. Ann. § 13:4363. Should the appraisers' valuations vary beyond certain statutory limits, the sheriff appoints a third appraiser. *Id.* § 13:4365. The third appraisal is final and establishes the minimum bid at the sale, which is set at two-thirds of the third valuation. *Id.*; La. Code Civ. Proc. Ann. art. 2336. Lucky and Lollar's appraisers valued the Note at $173,000 and $1.48 million, respectively, triggering the requirement for a third appraiser. But neither the Sheriff's deputy in charge of the sale, nor her supervisor, nor the in-house lawyer with whom she consulted knew an appraiser who could evaluate the worth of the Note. Consequently, the deputy solicited a recommendation from Lucky's counsel, who suggested the office employ Patrick Lacour. After making this recommendation, Lucky's counsel sent a letter to Lacour outlining the situation in a manner favorable to Lucky. Specifically, the letter referred to Lollar's actions as a "scam" and emphasized the effect of then-pending state court litigation on the Note's value.

Ultimately, the Sheriff's office accepted the recommendation. Lacour was appointed and subsequently issued a valuation of approximately $157,000. In arriving at this figure, Lacour did not conduct any independent research, nor did he review the Note itself. An entity controlled by Lucky's family purchased the Note at the sheriff's sale for $105,000, slightly more than the minimum bid and substantially less than its face value of about $1.7 million.

3

No. 20-30805

## C

Lollar, unhappy with this outcome, proceeded to sue Lucky and Whittington in federal court. Lollar alleged that Whittington violated 42 U.S.C. § 1983 by depriving her of constitutional due process. Specifically, Lollar claims that Sheriff Whittington denied her notice and an opportunity to be heard before her property was sold. In addition to her § 1983 claim, Lollar also pled claims under the Louisiana statute governing sheriff's sales, *see* LA. STAT. ANN. § 13:4365, and the Louisiana state constitution. She sought money damages and annulment or recission of the sheriff's sale of the Note.

The Sheriff moved for summary judgment, claiming that he was entitled to qualified immunity from the suit. The district court granted summary judgment as to one claim not relevant here, but otherwise denied immunity. Sheriff Whittington has now filed this interlocutory appeal, in which the sole issue is whether the Sheriff was entitled to immunity.

We have jurisdiction over an interlocutory appeal from the denial of qualified immunity at summary judgment. *Hogan v. Cunningham*, 722 F.3d 725, 730 (5th Cir. 2013).

## II

## A

In addressing a qualified immunity question on interlocutory review, we lack jurisdiction to decide any material factual dispute. *Id.* Instead, we only have jurisdiction to decide what "legal consequences" flow from the undisputed facts. *Id.* at 731 (quoting *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (en banc)). Of course, we view the facts in the light most favorable to the party opposing summary judgment. *Id.* In other words, our task is simply to examine a particular set of facts to determine whether those facts

4

No. 20-30805

are undisputed and whether, on those undisputed facts, the party seeking qualified immunity is legally entitled to it. *Kokesh v. Curlee*, 14 F.4th 382, 390–91 (5th Cir. 2021). In answering this question, our review is *de novo*. *Hogan*, 722 F.3d at 731.

## B

We first turn to Lollar's federal cause of action under 42 U.S.C. § 1983. Sheriff Whittington says that he is entitled to qualified immunity to this claim.

### 1

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Although factual inferences are always drawn in favor of the non-moving party, once the qualified immunity defense is asserted, "the burden . . . shifts" to the opponent of immunity. *Id.* That party—in this case, Lollar— must then show that (1) the "official's conduct violated a constitutional right" of the opponent of immunity, and (2) "the right was clearly established at the time of the violation." *Id.* We may address these two prongs of the qualified immunity question in either order or may resolve the case using only a single prong. *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020). Here, we need not examine the "clearly established" prong, because Lollar has failed to meet her burden of showing a constitutional violation.

No. 20-30805

**2**

We begin with the uncontested point that, for purposes of this appeal, Lollar is suing the Sheriff in his individual capacity.[1] An official cannot be held liable in his individual capacity merely because a subordinate committed some constitutional violation; "[s]ection 1983 does not impose vicarious or respondeat-superior liability." *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Instead, a defendant must either be "personally involved in the constitutional violation" or commit "acts [that] are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). In other words, a "supervisor is not personally liable for his subordinate's actions in which he had no involvement." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). Lollar, therefore, was obligated to show some personal involvement of Sheriff Whittington in the alleged due process violation.

This Lollar has failed to do. Both before the district court and on appeal, Lollar has not pointed to any competent summary judgment evidence indicating that the Sheriff himself was involved personally in the disputed sale. Indeed, when repeatedly pressed at oral argument, Lollar's counsel could not cite any instance where Lollar had made assertions about the Sheriff's personal involvement.[2] Therefore, Lollar has not pointed to any

---

[1] Lollar also alleges a § 1983 claim against the Sheriff in his official capacity. However, official capacity claims are not subject to a qualified immunity defense, *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 n.1 (5th Cir. 2007), and are not properly before us on interlocutory review.

[2] The only details of the Sheriff's actions were provided by the Sheriff's own counsel, who stated at oral argument that Whittington, after hearing that his deputy did not know a third appraiser, directed the deputy to consult with in-house counsel. As discussed, however, Lollar did not raise this evidence at summary judgment and thus did not meet her burden of showing the Sheriff himself violated her constitutional rights.

evidence creating a dispute of material fact as to whether Sheriff Whittington personally violated her rights.

Because Lollar cannot provide any evidence that the Sheriff himself violated her rights, the Sheriff is entitled to qualified immunity. The district court's denial of summary judgment on Lollar's individual capacity § 1983 claim is error and is reversed.

## C

Lollar also makes due process arguments under the Louisiana constitution. We have recognized that federal qualified immunity principles may be applied to claims under the Louisiana constitution "[i]nasmuch as [they] parallel entirely the § 1983 allegations." *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005). Lollar's state constitutional claim parallels—and indeed, is indistinguishable from—her arguments under the Federal Constitution and § 1983. The foregoing federal qualified immunity analysis is therefore applicable to Lollar's claim under the state constitution as well, and the district court's refusal to grant immunity as to said claim is reversed.

## III

Sheriff Whittington also asserts that the district court erred by denying him state discretionary immunity, which, according to the Sheriff, shields him from Lollar's claim under the Louisiana state statute governing sheriff's sales. *See* LA. STAT. ANN. § 13:4365. The Sheriff, however, did not raise discretionary immunity until his district court reply brief. Accordingly, the district court did not consider or address the issue. As a general matter, a district court is not required to address new legal issues raised only in a reply brief. *Redhawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (unpublished); *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (unpublished); *accord Ridpath v. Bd. of*

No. 20-30805

*Governors Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006); *MBI Grp., Inc. v. Credit Foncier du Cameroun*, 616 F.3d 568, 575 (D.C. Cir. 2010).

As a well-established general rule, this court "will not reach the merits of an issue not considered by the district court." *Baker v. Bell*, 630 F.2d 1046, 1055 (5th Cir. 1980); *see also Ridpath*, 447 F.3d at 305 (stating that circuit court was not required to consider qualified immunity where it was raised only in a reply brief before the district court). This case presents no exception to the established rule.

Because the Sheriff raised state discretionary immunity only in his district court reply brief, that court's refusal to consider the matter was not an abuse of discretion. Thus, the denial of summary judgment as to state discretionary immunity is affirmed.[3]

## IV

In this appeal, we have held that Lollar was required to point to evidence showing Sheriff Whittington—as opposed to his subordinates—violated her constitutional rights. She failed to do so. The Sheriff is therefore entitled to qualified immunity against the individual capacity § 1983 claim and the state constitutional claim. The denial of summary judgment is REVERSED as to these claims.

We have further held that the district court did not abuse its discretion when it declined to address Sheriff Whittington's defense of state discretionary immunity where he raised the issue only in a district court reply

---

[3] Our decision is limited to affirming the district court's summary judgment ruling that state discretionary immunity was not timely raised. We do not decide the merits of Sheriff Whittington's claim to state immunity, and we express no opinion as to whether the Sheriff may renew his claim on remand. *Cf. Ridpath*, 447 F.3d at 305 ("[W]here—as here—defendants raise an issue such as qualified immunity only in a reply brief, a district court is entitled to refuse to consider it *at that stage of the proceedings*." (emphasis added)).

No. 20-30805

brief. Because the district court permissibly refused to consider it, the district court's denial of state discretionary immunity on summary judgment is AFFIRMED.

Finally, the case is REMANDED for further proceedings, not inconsistent with this opinion, as to Lollar's remaining claims.

REVERSED in part; AFFIRMED in part; REMANDED.