# United States Court of Appeals
# For the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2023

Lyle W. Cayce
Clerk

No. 22-50930

PHH Mortgage Corporation, Successor by Merger to
Ocwen Loan Servicing, L.L.C.,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

Old Republic National Title Insurance Company,

*Defendant—Appellee/Cross-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-133

_____

Before Duncan and Wilson, *Circuit Judges*, and Mazzant, *District Judge*.[*]

Amos L. Mazzant, *District Judge*:

A basic tenet of civil procedure states that, as the master of its complaint, a plaintiff has the right to choose the parties to a lawsuit. A notable exception to this principle comes from Federal Rule of Civil Procedure 19, which allows federal courts to dismiss a case in the absence of

_____

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

No. 22-50930

"required" parties—those whose presence is required to protect their interests or to protect the existing parties from duplicative litigation or inconsistent obligations. The primary issue in this appeal is whether the district court abused its discretion when it *sua sponte* determined that parties absent from this breach of contract action are required under Rule 19 and dismissed the case accordingly. Because we conclude that the district court incorrectly determined that third parties are "required" here, and because it failed to consider whether this case could proceed in the absence of those parties, we vacate the district court's order dismissing this case and remand for further proceedings.

## I.

## A.

This breach of contract action stems from a title insurance dispute. PHH Mortgage Corporation (PHH) is the successor-in-interest to Ocwen Loan Servicing, LLC (Ocwen). Ocwen was the holder of a mortgage note, which was secured by a lien on real property purportedly owned by the borrowers in Ector County, Texas. The parties to the loan transaction executed the note and the lien on November 25, 2009, and the lien was evidenced by a deed of trust.[1] The deed of trust, which was recorded in the Ector County property records, described the property encumbered by the lien as: "The South One-Half (S/2) of Lot 10, Block 14, Westover Acres, 3rd Filing, A Subdivision of Ector County, Texas, According to the Map or Plat of Record in Volume 5, Page 18, Plat Records of Ector County, Texas" (the Entire Southern Tract).

In connection with the loan transaction, Old Republic National Title Insurance Company (Old Republic) issued a title insurance policy to the

---

[1] The original lender and mortgage holder was AMCAP Mortgage, LTD. The loan was later assigned to Ocwen.

mortgage holder (the Policy). The Policy described the Entire Southern Tract as the property encumbered by the lien and insured the mortgage holder and its successors-in-interest against losses caused by defects in title.

When the borrowers defaulted, Ocwen foreclosed the lien and acquired the property through a foreclosure sale in January 2018. Ocwen then recorded a substitute trustee's deed reflecting its title to the Entire Southern Tract.

After foreclosure, however, Ocwen discovered discrepancies in the title to the Entire Southern Tract. The borrowers under the mortgage note had purportedly received the Entire Southern Tract through a gift warranty deed on October 14, 2009. Less than a month later, and shortly before the loan transaction closed, the grantors recorded a second gift warranty deed that altered the description in the first warranty deed and conveyed to the borrowers only a .229-acre portion of the Entire Southern Tract. Because of these discrepancies, Ocwen—and later PHH—came to believe that it had acquired marketable title to only the .229-acre tract and not the larger Entire Southern Tract.

And so, on October 1, 2020, PHH sent written notice of a claim to Old Republic and sought to recover the value of the loss under the Policy. Old Republic denied PHH's claim.

**B.**

In July 2021, PHH filed suit against Old Republic in the United States District Court for the Western District of Texas, alleging a single cause of action for breach of contract. After the close of discovery, Old Republic filed a motion for summary judgment, arguing that PHH's breach of contract claim failed as a matter of law because there was no defect in title to the Entire Southern Tract and because PHH failed to point to any evidence of compensable damages under the Policy. PHH filed its own motion for

summary judgment, arguing that Old Republic breached the terms of the Policy by refusing to compensate PHH for its losses.

On September 15, 2022, the district court denied the parties' cross-motions for summary judgment without reaching the merits of either motion. Rather, the district court construed the parties' claims as a request for a declaration of title in the Entire Southern Tract. Reasoning that Texas law requires such claims to be brought as a trespass-to-try title action, the district court effectively recast this case from one centered around an insurance contract to one centered around title to real property. On this basis, the district court determined that any person claiming an interest in the Entire Southern Tract is a required party under Rule 19. And, because that required party is absent, the district court *sua sponte* dismissed the case under Federal Rule of Civil Procedure 12(b)(7). Both parties filed timely notices of appeal in October 2022.

## II.

We review a district court's decision to dismiss for failure to join an indispensable party under Rule 19 for abuse of discretion. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). A district court abuses its discretion when its ruling is "based on an erroneous view of the law." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). Likewise, a district court abuses its discretion when it does not consider "a relevant factor that should have been given significant weight." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008) ("An abuse of discretion . . . can occur . . . when a relevant factor that should have been given significant weight is not considered").

4

No. 22-50930

**III.**

This appeal presents the court with two issues.  First, both parties contend that the district court abused its discretion when it *sua sponte* dismissed this case for failure to join a required party.  For the reasons explained below, we agree with the parties, and conclude that the district court abused its discretion when it dismissed this case, both by improperly concluding that a "required" party is absent from this case under Rule 19(a) and by failing to consider the practical and equitable factors mandated by Rule 19(b).

Second, the parties disagree on the appropriate course of action following the vacatur of the district court's order dismissing this case.  PHH argues that, because the district court did not reach the parties' cross-motions for summary judgment below, the court should remand this case to allow the district court to consider those motions in the first instance.  On the other hand, Old Republic argues that the court should reach the merits of the parties' cross-motions in the interests of economy and efficiency.  Because no exceptional circumstances compel the court to depart from its general rule against reaching the merits of an issue not passed on by the district court, we will remand this case to the district court for further proceedings.

**IV.**

We turn first to the parties' contention that the district court abused its discretion by dismissing this case for failure to join a "necessary party." Both parties argue that the district court misapplied Rule 19 when it decided to dismiss this case *sua sponte*.

In a diversity case like this one, the issue of joinder is governed by federal law.  *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968).  That said, the court may look to state law to determine the interests of the parties and those of potential parties.  *Id.* ("To be sure, state-

law questions may arise in determining what interest the outsider actually has . . . but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter.") (alterations to original). Rule 12(b)(7) provides the mechanism for dismissal of an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, sets out the framework for the joinder of "required parties." Fed. R. Civ. P. 19.

Rule 19 "requires a two-step inquiry." *Hood*, 570 F.3d at 628. To begin, a court must determine whether a party is "required" under Rule 19(a); that is, whether the party should be joined if feasible. *Id.* If the required party cannot be joined without destroying subject-matter jurisdiction, the court must then turn to Rule 19(b) to determine whether that party is indispensable; that is, "whether litigation can be properly pursued without the absent party." *Id.* at 629 (citing *HS Res.*, 327 F.3d at 439).

Under Rule 19(a), a party is required if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In addition, Rule 19(b) provides four non-exhaustive factors that "must be examined in each case to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled." *Patterson*, 390 U.S. at 109 (citing Fed. R. Civ. P. 19(b)).

These factors are:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

  (A) protective provisions in the judgment;

  (B) shaping the relief; or

  (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Rule 19 framework ultimately requires a fact-based analysis that is controlled by "pragmatic concerns," with a particular emphasis on the effect on the parties and on the litigation. *Smith v. State Farm Fire and Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980). To this end, it is not enough to dismiss a case merely because an absent party is required under Rule 19(a); the absent party must also be found, after an examination of the Rule 19(b) factors, to be indispensable to the pending litigation. *Santiago v. Honeywell Int'l, Inc.*, 768

F. App'x 1000, 1005 (11th Cir. 2019) (per curiam) (citing *Patterson*, 390 U.S. at 118–19). The reasoning behind the two-pronged requirement for dismissal under Rule 19 is simple: "a court does not know whether a particular person is 'indispensable' until it [has] examined the situation to determine whether it can proceed without him." *Patterson*, 390 U.S. at 119.

So, the question before the court is whether the district court erred when it dismissed this case based solely on its finding that a "required party" is absent.[2] Applying Rule 19's two-pronged framework for the joinder of required parties here, the court concludes that the district court's decision fails at both prongs of the analysis.

**A.**

Rule 19(a) provides two tests for determining whether a party is required. *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (per curiam). As for the first Rule 19(a) test, the district court did not conclude—and nothing before the court suggests that— a third party's absence impedes the court's ability to "accord complete relief among existing parties." *See* Fed. R. Civ. P. 19(a)(1)(A).

Rather, the district court dismissed this case based on its conclusion that "although disguised as a breach of contract case, this case should be a trespass-to-try-title" action. More specifically, the district court concluded that the parties seek a judgment as to title in the Entire Southern Tract, and that such a judgment, if rendered in the absence of anyone claiming an

---

[2] In its order dismissing this case, the district court used the terms "required party" and "necessary party" interchangeably. Rule 19(a) formerly described required parties as "necessary" parties. *Republic of Phil. v. Pimentel*, 553 U.S. 851, 859 (2008). Although Rule 19(a) no longer uses this description, the term "necessary party" remains as a term of art that refers to Rule 19(a). *Orff v. United States*, 545 U.S. 596, 602–03 (2005) ("Though the Rule no longer describes such parties as 'necessary,' 'necessary party' is a term of art whose meaning parallels Rule 19(a)'s requirements.").

interest in that property, would "impair or impede" that person's ability to protect their interests and potentially cause conflicting judgments. Although it makes no explicit reference to Rule 19(a), the district court's analysis invokes the second Rule 19(a) test, which asks (1) whether a third party "claims an interest relating to the subject of an action" and (2) whether that third party's interest "as a practical matter" will be impaired or impeded if the third party is excluded from the existing suit, or whether the third party's absence will leave the existing parties at risk of inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(i)–(ii); *Rajet*, 801 F. App'x at 246. Applying that test here, the district court concluded that "any person claiming a property interest in [the Entire Southern Tract] is a required party under Rule 19."

But the district court's Rule 19(a) analysis is rooted in a misunderstanding of Texas law. Contrary to the district court's conclusion below, Texas law draws a sharp distinction between a breach of contract action against a title insurance company and a trespass-to-try-title action. *Am. Sav. & Loan Assoc. of Hous. v. Musick*, 531 S.W.2d 581, 588–89 (Tex. 1975). A breach of contract action against a title insurance company is "based on a contractual right that exists separate and distinct from any final determination of ownership of the property." *Id.* at 589. Conversely, trespass-to-try-title is a statutory cause of action, complete with unique pleading and proof requirements, intended to determine title to real property. *See* Tex. Prop. Code. Ann. § 22.001(a). The trespass-to-try-title statute applies only when "the claimant is seeking to establish or obtain *the claimant's* ownership or possessory right in the land at issue." *Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018). In short, a breach of contract claim against a title insurance company "invokes the insurer's obligation to pay the claim or defend title to the property, and this claim is separate and distinct from the claim of ownership." *Thornton, Summers, Biechlin, Dunham & Brown, Inc. v. Cook*

No. 22-50930

*Paint & Varnish*, 82 F.3d 114, 117 (5th Cir. 1996) (citing *Musick*, 531 S.W.2d at 588).

Of course, resolving a breach of contract claim against a title insurance company may require a court to make a declaration that impacts a title's validity. Yet Texas courts have expressed doubt that "the legislature intended for the trespass-to-try title statute to displace or subsume every statutory or common law claim having such an impact." *See Florey v. Estate of McConnell*, 212 S.W.3d 439, 449 (Tex. App.—Austin 2006, pet. denied) (cleaned up). After all, it would be a "substantial reduction" of the title insurance contract's benefit to require the insured to "bear his detriment until the owner of the superior title is found and sued to judgment . . . ." *S. Title Guar. Co., Inc. v. Prendergast*, 494 S.W.2d 154, 156 (Tex. 1973); *see also Cook Paint & Varnish*, 82 F.3d at 117 (noting that "[t]he loss covered by the title insurance, the inability to obtain title to the property, was separate from the loss of title and continued to exist until title was finally established.").

At its core, this case is a contractual dispute between PHH and Old Republic. The "subject of the action" is the Policy—not the Entire Southern Tract itself. *See* Fed. R. Civ. P. 19(a)(1)(B). To be sure, in resolving PHH's breach of contract claim, the court will likely need to consider the validity of PHH's title to the Entire Southern Tract.[3] But this fact alone does not convert a simple breach of contract action into a trespass-to-try-title action in disguise. *See Florey*, 212 S.W.3d at 449. Indeed, no trespass-to-try-title issue is lurking below the surface here, as PHH does not seek a judgment vindicating its ownership right in the Entire Southern Tract. *See Lance*, 543 S.W.3d at 736. Instead, it seeks only to vindicate its contractual rights under the Policy, which are separate and distinct from any final determination of

---

[3] We recognize that this places the district court in the unorthodox position of considering Old Republic's liability under the Policy without the benefit of an underlying judgment resolving title to the Entire Southern Tract.

title to the Entire Southern Tract. *See Musick*, 531 S.W.2d at 588–89. For this reason, third parties claiming an interest in the Entire Southern Tract are not "required" parties to this breach of contract action under Rule 19(a). *See Rajet*, 801 F. App'x at 246 (noting that "Rule 19 relates to the specific action at bar").[4] Because its Rule 19(a) analysis was rooted in an erroneous view of the law, the district court abused its discretion when it *sua sponte* dismissed this case under Rule 12(b)(7). *Hood*, 570 F.3d at 628.

**B.**

Even if the district court had correctly determined that a third party is "required" under Rule 19(a), it failed to progress to the second step of the inquiry required by Rule 19. *See id.* That is, it did not determine whether, "in equity and good conscience," this case can proceed in the absence of anyone claiming a property interest in the Entire Southern Tract. *See* Fed. R. Civ. P. 19(b). In fact, the district court made no attempt to determine whether those "required parties" could be joined without destroying subject-matter jurisdiction. Nor did it make any attempt to apply the Rule 19(b) factors to determine whether those "required" parties were indispensable.

Before dismissing a case for failure to join a required party under Rule 19, a district court "must" consider the Rule 19(b) factors. *Patterson*, 390 U.S. at 109. Simply put, a finding that a party is required under Rule 19(a), standing alone, cannot support dismissal—the court must also find the absent party to be indispensable after an examination of the Rule 19(b) factors. *See, e.g.*, *Santiago*, 768 F. App'x at 1007.

---

[4] This is not to say that a potential owner of real property can never be a required party to a title insurance dispute, only that, under Texas law, the mere fact that a potential owner of real property's interests could be impacted by the adjudication of a title insurance dispute involving that property does not automatically make the potential owner a required party under Rule 19(a). *Cf. Cook Paint & Varnish*, 82 F.3d at 117; *Florey*, 212 S.W.3d at 449.

By deciding to dismiss this case based solely on its conclusions under Rule 19(a), the district court failed to do what "Rule 19 clearly requires a court to do: undertake an examination of the practical and equitable [Rule 19(b)] factors actually raised by the absence of a particular party in the case before it." *Id.* As this court has previously held, this failure constitutes an abuse of discretion, as an insufficient Rule 19 analysis does not justify dismissal under Rule 12(b)(7). *Rajet*, 801 F. App'x at 246 (citing *Santiago*, 768 F. App'x at 1005).

In sum, the district court abused its discretion when it incorrectly concluded that a "required" party is absent from this case under Rule 19(a) and when it *sua sponte* dismissed the case without considering the Rule 19(b) factors. For these reasons, we vacate the district court's order dismissing this case under Rule 12(b)(7).

## V.

We must also determine whether this case should be remanded to the district court for further consideration. On this point, the parties diverge. PHH contends that the court should follow its standard practice and remand this case to allow the district court to consider the merits of the parties' cross-motions for summary judgment in the first instance. Old Republic counters that we may properly reach the merits of its cross-motion for summary judgment in this appeal.

As a well-established general rule, this court "will not reach the merits of an issue not considered by the district court." *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) (internal quotations omitted). Indeed, absent special circumstances, a federal appellate court will not consider an issue passed over by the district court. *Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 483 (5th Cir. 2006). The special circumstances in which a federal appellate court is justified in resolving an

No. 22-50930

issue "not passed on below" include those in which the "the proper resolution is beyond any doubt" and those in which "injustice might otherwise result." *Baker v. Bell*, 630 F.2d 1046, 1056 (5th Cir. 1980) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)).

The district court did not reach the merits of the parties' cross-motions for summary judgment. In similar cases, this court has generally declined the invitation to rule on the merits of a cross-motion for summary judgment. *Man Roland*, 438 F.3d at 482–83 (declining to rule on the merits of a cross-motion for summary judgment that was not addressed by the district court). And yet, Old Republic maintains that this court should reach the merits of the parties' motions "[i]n the interests of economy and efficiency." But these interests—which are far from special circumstances—provide an insufficient basis to for this court to disregard the general rule against reaching the merits of a motion not "passed on below." *Baker*, 630 F.2d at 1056. Thus, we decline to reach the merits of the parties' cross-motions for summary judgment.

## VI.

For the foregoing reasons, we VACATE the district court's order dismissing this case and REMAND to the district court for further proceedings consistent with this opinion.