# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50018
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2024

Lyle W. Cayce
Clerk

Jane Doe,

*Plaintiff—Appellant*,

*versus*

Mark A. Gipson,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-463

---

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

This is a revenge porn lawsuit. Plaintiff-Appellant Jane Doe filed a motion for preliminary injunction seeking to require Defendant-Appellee Mark Gipson to take down nude images and allegedly defamatory statements that Gipson published in retaliation for Doe seeking to cease contact with him. The district court denied Doe's motion because Doe failed to provide

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

testimonial evidence to contradict Gipson's live testimony. The district court ruled that the absence of live testimony left Doe unable to satisfy the first of four preliminary injunction requirements—that she would be "likely to succeed on the merits." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *PCI Transp. Inc. v. W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).[1] We review the district court's ruling for abuse of discretion. *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–19 (5th Cir. 2001).

The district court's order reflects an abuse of discretion because its reasoning imposed a requirement that has no basis in civil procedure or caselaw: that a movant is categorically unable to establish the first preliminary injunction requirement without testimonial evidence to contradict live testimony. *See, e.g.*, *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it."); *see also In re Luhr Bros., Inc.*, 157 F.3d 333, 338 (5th Cir. 1998) ("The court must also consider relevant documents or objective evidence that may contradict the witness's story and whether a witness's story is internally consistent and plausible on its face.").

Accordingly, we VACATE the district court's order and REMAND for further proceedings not inconsistent with this opinion.

---

[1] The other three preliminary injunction requirements are: (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the non-movant; and (4) that the injunction will promote the public interest. *Winter*, 555 U.S. at 20. The district court did not reach these requirements, and neither do we. *See, e.g.*, *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) ("As a well-established general rule, this court 'will not reach the merits of an issue not considered by the district court.'") (quoting *Baker v. Bell*, 630 F.2d 1046, 1055 (5th Cir. 1980)).