ROBERTSON, Justice:
The appellant, J. W. Burt, petitioned the Circuit Court of Lincoln County, Mississippi, for a writ of mandamus against ap-pellee, Carrol D. Calhoun, Chancery Clerk of Lincoln County, requiring him to execute pay warrants of Lincoln County to appellant in payment of his claims as county engineer on a number of state aid road projects for the county.
Appellee filed his answer setting- up several affirmative defenses. The principal defense was that at the time appellant performed these services he had no legal and valid contract with the county. This defense was set up as a plea in bar and was heard separately before a trial on the merits. The court sustained the plea in bar, holding that appellant had no legal and valid contract with the county after January 1, 1965. The court audited Projects 12 and 13, allowed appellant’s' claim for services up to January 1, 1965, but disallowed that portion of his claim for services rendered after that date. The court found that the appellant had been over-paid on these two projects and the county owed him nothing.
The appellant contends that the court erred in holding that he had no legal and binding contract with the county after January 1, 1965, and erred in proceeding to audit and disallow portions of his claim on two projects without a hearing on the merits.
The facts are undisputed and were fully covered in stipulations and the brief testimony of the appellant. He testified that he had served the county as county engineer on its state aid projects for 17i¿> years, that is, from June 9, 1950, to December 31, 1967. His first contract with the county was dated June 9, 1950. It was approved by the board of supervisors and recorded on the official minutes of the board. Appellant was employed as the county engineer for the secondary road program of the county. No time limit was specified, and for his services in preparing and perfecting plans and specifications and supervising actual construction he would be paid a fee of 8 percent of the total cost of each secondary road project.
On January 6, 1964, appellant was employed as county engineer for the period from January 6, 1964, to July 6, 1964. Again his fee was set at 8 percent of the total cost of each project. The last contract of employment, which appears on the minutes of the board for June 3, 1964, provides:
“Whereas this Board has heretofore, under order dated January 6, 1964, employed J. W. Burt as County Engineer for the period January 6, 1964 to July 6, *498 1964, in order that Lincoln County be able to participate in the Secondary Road Program of the Mississippi State Highway Department; and
“Whereas this Board is of the opinion that the said J. W. Burt should be employed for the full calendar year 1964;
“It is therefore Ordered that J. W. Burt be, and he is hereby, employed as County Engineer for Lincoln County, Mississippi, for the period July 6, 1964 to January 1, 1965.”
No other contract of employment appears on the minutes or the board. On December 11, 1967, the board of supervisors placed an order on the minutes providing in part:
"It is hereby ordered and adjudged that the original contract between J. W. Burt and Board of Supervisors of Lincoln County relating to his employment as County Engineer and particularly to the contingent fee payable to him for the preparation of plans and specifications and supervision of all State Aid and Federal Aid Projects for road construction in said County be and the same is hereby ratified, confirmed and approved.”
The order proceeds to set up a schedule for the payment of the 8 percent fee and provides that “all previous payments made by this Board pursuant to this matter are ratified, confirmed and approved.”
Section 8035-04 Mississippi Code 1942 Annotated (Supp. 1968) provides in part:
“Any county shall be entitled to receive state aid and to expend state aid monies in conjunction with monies furnished by said county on state aid roads in such county on projects approved for construction in such county, provided
“(1) The state aid system in such county has been designated and approved as • herein provided.
“(2) The county has employed a county engineer to act for and on behalf of the county as a whole, who shall be a registered professional engineer, and such other competent technical assistants as may from time to time be deemed necessary, by the board of supervisors of said county.
“(3) An annual program shall have been filed by the county engineer with the division of state-aid road construction and approved by the state-aid engineer. * * * ”
The Board of Supervisors of Lincoln County submitted their proposed state aid program for 1964. The application, which was signed by all the members of the board of supervisors and spread on its official minutes, recited in part:
“2. A County Engineer is now employed and the County will provide such other competent technical assistants to properly supervise and inspect the work in compliance with the rules and regulations of the State Aid Engineer, all as required in said Act.
“3. This program which has been prepared by the County Engineer and approved by this Board, is herewith submitted to the State Aid Engineer for approval.”
The engineer’s estimate of each state aid project for the county was prepared by appellant, submitted to the board of supervisors, approved by them, and by them placed on the official minutes. A notice to bidders for each project was prepared by appellant and spread by the board on its minutes. Each notice to bidders contained this language:
“Proposals may be secured from Mr. J. W. Burt, P. O. Box 808, McComb, Mississippi, County Engineer for Lin-coin County or the Chancery Clerk of Lincoln County at Brookhaven, Mississippi upon payment of $10.00 which will not be refunded.”
*499 The appellant contends that each time the board of supervisors submitted its annual program to the division of state aid road construction and spread this application on its minutes, each time it recorded the engineer’s estimate for each project, and each time, it recorded a notice to bidders, it ratified and confirmed the employment of Burt as county engineer, that if this were not so, the county would be guilty of misleading the highway department and securing money under false pretenses. This argument in effect is that a contract of employment may be implied and presumed. This is not so-. We held in Smith County v. Mangum, 127 Miss. 192, 89 So. 913 (1921):
“[I]t is manifest that the board of supervisors of a county can only enter into an express contract by an order spread upon its minutes, and that there can be no such thing as a verbal or oral order of this board. * * * ” Id. at 207, 89 So. at 914.
No contract can be implied or presumed, it must be stated in express terms and recorded on the official minutes as the action of the board of supervisors. The responsibility is placed on each person, firm or corporation contracting with a board of supervisors to see that the contract is legal and properly recorded on the minutes of the board. Lee County v. James, 178 Miss. 554, 174 So. 76 (1937); Jackson Equipment & Service Co. v. Dun-lop, 172 Miss. 752, 160 So. 734 (1935); Pearl Realty Co. v. State Highway Comm’n, 170 Miss. 103, 154 So. 292 (1934).
The appellant was properly employed as county engineer on June 9, 1950. This contract expired on January 6, 1964, and was superseded by the contract of that date. The contract of January 6, 1964, was extended to January 1, 1965, by the action of the board on June 3, 1964, which action was also properly recorded on the board’s minutes.
When Projects 12 and 13 were begun there was a legal and valid contract in force. The contract of January 6, 1964, provided for an indivisible fee of 8 percent when each project was finished. These are the exact words of the contract:
“WHEREAS, This Board has determined that eight per centum (8%) of total cost of Secondary Road Projects accomplished as a result of the Secondary Road Program is a sufficient fee to be paid the said J. W. Burt for his services as Engineer in connection with perfection of plans and specifications and actual supervision of construction on any Secondary Road Program undertaken by Lincoln County, Mississippi.”
The Data Control Cards which are in evidence show that Project 12 was begun on December 26, 1963, and Project 13 on April 29, 1964. These projects were finished after January 1, 1965, through no fault of the appellant. According to the contract of January 6, 1964, the appellant would be paid one fee of 8 percent when each project was finished and accepted. No provision was made for piece-meal payment as the work progressed. The compensation and the work were indivisible, and the appellant, having begun these two projects well within the contract period, was entitled to finish them and collect the fee provided in his contract.
The lower court was incorrect in applying the progressive method of payment set forth jn the order of December 11, 1967. That order was a nullity and accomplished nothing. It could not nunc pro tunc provide a schedule of payments for projects begun in 1963 and 1964.
All of the evidence is in on Projects 12 and 13. It would accomplish no useful purpose to remand this case to the trial court to determine the amounts due the appellant on Projects 12 and 13. We can determine these amounts and end this litigation.
Appellant is claiming 8 percent of the final estimate of $197,710.99 or $15,816.88 on Project 12. He admits that he has *500 been paid $14,119.80. He is due the balance of $1,697.08.
Appellant is claiming 8 percent of the final estimate of $124,932.40 or $9,994.59 on Project 13. He admits he has been paid $9,461.14. He is due the balance of $533.45.
Appellant is, therefore due the total sum of $2,230.53.
The judgment of the circuit court sustaining the plea in bar, as to the 19 state aid projects begun after January 1, 1965, is affirmed; but the judgment attempting to divide the work and fee of the appellant as to Projects 12 and 13 is reversed, and judgment is rendered here for the appellant for $2,230.53.
Affirmed in part, and reversed in part and rendered.
ETHRIDGE. C, J., and RODGERS, INZER, and SMITH, JJ., concur.