# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2026

Lyle W. Cayce
Clerk

No. 25-60482

Todd McDaniel,

*Plaintiff—Appellee*,

*versus*

Hazlehurst City School District,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-254

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

The district court concluded that a Mississippi school district violated an employee's right to certain state-law procedural protections and awarded damages. The issues on appeal primarily involve statutory construction. We agree with the district court that there was a valid contract reflected on the school board's meeting minutes, which leads us also to agree that the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

employee was entitled to written notice and a hearing prior to his non-renewal. AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

Todd McDaniel was first employed by the Hazlehurst City School District in the early 2000s, beginning as a health teacher and a coach for the football team. McDaniel then worked for several different school districts over the years, serving in a variety of roles, most commonly head football coach. McDaniel was made the principal at Hazlehurst High School in 2008, and he was later employed by other school districts and at a Hazlehurst middle school. In 2016, he became interim principal at Hazlehurst High School. McDaniel taught physical education, health, and weightlifting classes in addition to his various administrative roles.

McDaniel's title at Hazlehurst High during the 2016–17 school year was Director of Operations and Discipline. That position was responsible for overseeing "student discipline, transportation, [and] facilities," as well as other administrative tasks. The position required a Mississippi administrator's license. In 2017, conflict developed between McDaniel and Hazlehurst superintendent Lisa Davis over several issues, such as "student discipline policies, staff assignments, and budget priorities." The result was that the school district truncated McDaniel's role to Director of Operations. That change occurred only after the district attempted to reassign McDaniel to an assistant principal position but failed to do so after he invoked his right to a hearing under Mississippi law.

The next contract the school district provided McDaniel, which applied to his position in the 2017–18 school year, used the same form contract as his previous contracts for jobs that mandated licensure under Mississippi law. The header on the contract stated it was a contract for an "assistant superintendent, principal[, or] licensed employee." There is no

identified record evidence that the district provided McDaniel with notice that the Director of Operations role would be subject to the "non-renewal" contract procedural protections, including notice, required by state law. *See* Miss. Code Ann. § 37–9–105 (2012). The district court found that McDaniel, despite the change in title, was still tasked with activities that required certification, such as "chairing disciplinary hearings, suspending students, evaluating instruction, and stepping in as acting principal when needed."

In an attempt to re-organize the school district staff for the 2018–19 school year, Cloyd Garth, Jr., the newly named superintendent for the school district, terminated the Director of Operations position McDaniel had previously occupied and offered McDaniel the position of Director of Facilities. The notable differences between this contract and the ones previously offered to McDaniel included that it stated the position was at-will and provided for hourly pay and not a salary.

Before offering this contract to McDaniel, Garth attempted to give McDaniel a non-renewal letter two days before the deadline to provide proper notice of non-renewal to an employee entitled to such notice; he could not find McDaniel, so he asked a school resource officer to deliver the notice to McDaniel. This time, delivery was successful. The notice justified the failure to renew McDaniel's employment as Director of Operations on the ground that the district was re-organizing its structure. McDaniel requested a hearing pursuant to state law. The school district refused.

In April 2019, McDaniel brought suit in the United States District Court for the Southern District of Mississippi. In the live complaint, McDaniel claimed, under 42 U.S.C. § 1983, that the school district violated his procedural due process rights by denying him a hearing. He also claimed

retaliatory discharge and a violation of the Fair Labor Standards Act. He sought damages, reinstatement, back pay, and attorneys' fees.

The district court conducted a seven-day bench trial only on the issue of the due-process violation. The court later issued a written opinion, concluding that McDaniel had a property interest in continued employment and the school district violated his state statutory right to a hearing. The district court awarded McDaniel lost wages, back pay, emotional distress damages, and attorneys' fees.

## DISCUSSION

In an appeal from a bench trial, we review factual findings for clear error and legal questions *de novo*. *Preston Expl. Co. v. GSF, L.L.C.*, 669 F.3d 518, 522 (5th Cir. 2012). The clear error standard dictates that when "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). We accord even greater deference to the district court's factual findings when they are grounded in credibility determinations that most times cannot competently be second-guessed from a circuit court's removed review of a paper record. *See Poole v. City of Shreveport*, 79 F.4th 455, 459 (5th Cir. 2023).

The question before us is whether the district court erred in concluding that McDaniel's position required a license, a conclusion that leads to his entitlement to a hearing under state law.[1] The school district argues McDaniel did not have a property interest in his continued employment as Director of Operations because the parties did not come to a

---

[1] The school district forfeits any argument that the damages award was defective because it does not raise the argument in its opening brief. *See Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023).

No. 25-60482

"mutual understanding" that McDaniel was to "perform instructional or discipline duties" in the 2017–18 school year. In the absence of such an understanding, the district argues there would not be a "expectation of continued employment" and thus no property interest. The school district also contends McDaniel could not have had a property interest in continued employment in his position because his contract for the 2017–18 school year was not valid in the first place because it had not been "spread across the minutes of" a school board meeting.

McDaniel argues that the district court properly held that he had a property interest based on its findings that a license was a prerequisite to his employment, his pay was according to the administrator salary scale, a form contract for licensed employees was used, and McDaniel was treated as a licensed employee would be. McDaniel contends that the district court's findings were not implausible and thus not clearly erroneous. Further, McDaniel responds that the meeting-minutes rule, which requires public contracts to be spread across the minutes of a local board meeting, is irrelevant because the property interest here arises from state statutory law, not the validity of his contract for the 2017–18 school year.

Mississippi law requires a school district to provide written notice and opportunity for a hearing when the contract of an employee whose position requires "a valid license issued by the State Department of Education as a prerequisite of employment" is not renewed. Miss. Code Ann. §§ 37–9–103(1), 105, 109(b). Because the state law notice and hearing requirements create a constitutionally cognizable property interest, *Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016), the question is whether McDaniel's job required a license as a "prerequisite of employment." Miss. Code Ann. § 37–9–103(1).

The following is relevant evidence. The contract was executed on a form captioned "Contract of Employment with Mississippi Public School Districts for Assistant Superintendent, Principal[,] and Licensed Employee," as revised March 21, 2014. A state statute requires that contracts with those employees be executed on a form prescribed by the State Board of Education. MISS. CODE ANN. § 37–9–23. No party argues this contract was not on the required state form.

McDaniel was also paid like a licensed employee, *i.e.*, according to the administrator's salary scale. He was paid a salary rather than the hourly wage that at-will employees are generally paid.

Further, pursuant to Section 37–9–103, employees covered by the notice requirement are those for whom a license is a "*prerequisite* of employment." MISS. CODE ANN. § 37–9–103(1) (emphasis added). Thus, we examine whether the contract is one that would require McDaniel to possess a license. We find no ambiguity in the contract governing McDaniel's employment for the 2017–18 school year. Mississippi law provides that, under the parol evidence rule, "where a contract is not ambiguous, the intention of the contracting parties should be gleaned solely from the wording of the contract." *In re Estate of Fitzner*, 881 So. 2d 164, 171 (Miss. 2003). "[T]he mere fact that the parties disagree about the meaning of a contract does not make [it] ambiguous as a matter of law." *Turner v. Terry*, 799 So. 2d 25, 32 (Miss. 2001) (quoting *Cherry v. Anthony*, 501 So. 2d 416, 419 (Miss. 1987)). The contract the school district itself provided stated it was a contract of employment for an "assistant superintendent, principal[, or] licensed employee," and the record shows those positions require a license. The specific position identified in the contract was, after all, for a director position.

Because we find no ambiguity in the terms of the written contract, we do not look for ambiguity outside of the contract. The contract's clarity as to whether it required a license is conclusive as to the statutory question. The district court did not clearly err by finding that the Director of Operations position required a license.

Next, the school district argues that McDaniel's contract was not enforceable because his contract was not "spread across the minutes" of a school board meeting. The argument is that for a contract to be a proper "renewal contract," there must be an earlier valid contract that could be renewed. *See* Miss. Code Ann. § 37–9–105. The district court held that McDaniel's contract for the 2017–18 year was valid because significant portions of the contract were included in the minutes of a school board meeting as required by Mississippi state law.

The evidence is this. After the school board attempted to reassign McDaniel from his position as Director of Operations and Discipline in June 2017, McDaniel requested and received a hearing under Mississippi Code § 37–9–109(a). The school board decided to employ McDaniel as the Director of Operations on July 10, 2017, specifying in the meeting minutes his title and that his salary would be set according to his years of "administrative experience."

The school district insists that insufficient detail of McDaniel's contract terms appeared in the minutes. Mississippi law states that "public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes." *Hill v. City of Horn Lake*, 160 So. 3d 671, 679 (Miss. 2015) (quoting *Thompson v. Jones Cnty. Cmty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977)). "[W]here a public board engages in business with another entity, '[n]o contract can be implied or presumed, it must be stated in express terms and recorded on the official minutes and the action of the

board.'" *Wellness, Inc. v. Pearl River Cnty. Hosp.*, 178 So. 3d 1287, 1291 (Miss. 2015) (quoting *Burt v. Calhoun*, 231 So. 2d 496, 499 (Miss. 1970)). "However, the entire contract need not be placed on the minutes." *Id.* A contract with a public board is valid when "enough of the terms and conditions of the contract are contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence." *Thompson*, 352 So. 2d at 797. "Strictness of action, like strictness of verbiage, should also not be required." *Shipman v. N. Panola Consol. Sch. Dist.*, 641 So. 2d 1106, 1117 (Miss. 1994).

The minutes included McDaniel's job title and the salary he would be paid. The organizational chart that was adopted by the school board acknowledged McDaniel's position as Director of Operations. With whatever shortcomings of verbiage there may be in the minutes, a reasonable construction of what they contain support that there was a contract eligible for renewal between the two parties. *Id.* Indeed, the detail in these minutes compares favorably to what was held to be sufficient by the state's intermediate appellate court. *See Community Extended Care Ctrs., Inc. v. Bd. of Supervisors*, 756 So. 2d 798, 801–02 (Miss. Ct. App. 1999). There, a lease contract was not placed in the minutes, but the county board's resolution authorizing the execution of the lease and the filing of the lease in the county deed records were sufficient to validate the contract. *Id.*; *see also Shipman*, 641 So. 2d at 1117 (discussing approvingly a similar scenario).

We are affirming the district court's judgment. The affirmance entitles McDaniel to attorneys' fees as the prevailing party. We find no error in the award. All pending motions are DENIED. AFFIRMED.